1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | JOAQUIN JAY II,                    )  CASE NO. 1:10-cv-00213 GSA PC
10 |                      Plaintiff,   )  ORDER DISMISSING COMPLAINT, WITH
   |                                   )  LEAVE TO FILE AMENDED COMPLAINT
11 |   v.                              )  WITHIN THIRTY DAYS
   |                                   )
12 | FRESNO COUNTY JAIL,               )  (Doc. 1)
   |                                   )
13 |                      Defendants.  )
14 | _____/

15                          **Screening Order**

16  **I.    Screening Requirement**

17        Plaintiff  is a former Fresno County Jail inmate prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to

19  magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28  ///

1

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.   Plaintiff's Claims

The events at issue in this action occurred while Plaintiff was housed at the Fresno County Jail. Plaintiff's claim in this action stems from a slip and fall incident at the jail on January 14, 2010. Plaintiff names as the defendant in this action the Fresno County Jail.

Plaintiff alleges that a hazard existed in the area of the jail where he was housed, MJ-4-E. (Compl. ¶ 4.) Specifically, Plaintiff alleges that he and other inmates told staff about "the slip and fall hazard that does exist in (M.J.-4-E of the jail) at the top of the stairs around the shower area." <u>Id.</u> Plaintiff alleges that "FCJ staff" failed to heed the warning, and on January 14, 2010, Plaintiff slipped and fell, suffering injury. <u>Id.</u> Plaintiff suffered injury to his back and two fingers. <u>Id.</u>

Plaintiff filed a request for medical treatment and a grievance regarding the hazard. Plaintiff was treated for his medical condition on January 21, 2010. Plaintiff alleges that the grievance "was

not responded to by jail staff." Id.

### A. Unsafe Conditions

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

The Constitution does not mandate that prisons be comfortable. Rhodes v. Chapman, 452 U.S. 337, 349 (1981); nor that prisons provide every amenity an inmate might find desirable, Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. at 833.  Prison officials must provide all prisoners with basic life necessities, i.e., food, clothing, shelter, sanitation, medical care, and personal safety.  Hoptowit, 682 F.2d at 1246.  To state claim under the Eighth Amendment, a prisoner must show that he was unable to "provide for [his] own safety" in the sense that he was precluded from avoiding the unsafe condition or was rendered unable to perceive its danger. Osolinksi v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). A single safety defect, without other conditions contributing to a threat to an inmate's safety, is not sufficient to satisfy the objective component of the Eighth Amendment. Id.[1]  Plaintiff alleges, at

---

[1] Plaintiff does not indicate whether, at the time of the incident complained of, he was a pretrial detainee or serving a sentence of confinement pursuant to a judgment of conviction.  The Eighth Amendment standard has also been applied to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991).  Where a plaintiff is a pretrial detainee the analysis of his claims of cruel and unusual punishment will therefore fall under the "deliberate indifference" standard.

1   most, a single safety defect.  Plaintiff therefore fails to state a claim for relief.

2           **B.**    **Municipal Liability**

3         Plaintiff does not name any individual defendants.  The sole defendant in this action  is the

4   Fresno County Jail, an agency or subsidiary of the County of Fresno.  A local governmental unit may

5   not be held responsible for the acts of its employees under a respondeat superior theory of liability.

6   *See* Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Collins v. City of Harker Heights,

7   503 U.S. 115, 121 (1992); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't

8   of Soc. Servs., 436 U.S. 658, 691 (1978); Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008).  Webb

9   v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175,

10  1185 (9th Cir. 2002).

11        Generally, a claim against a local government unit for municipal or county liability requires

12  an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the

13  constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.

14  2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).   Liability may also be imposed

15  where the local government unit's omission led to the constitutional violation by its employee.

16  Gibson 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff must show that the

17  municipality's deliberate indifference led to its omission and that the omission caused the employee

18  to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the

19  municipality was on actual or constructive notice that its omissions would likely result in a

20  constitutional violation."  Id.   There are no facts alleged indicating that Plaintiff's injuries are a

21  result of a policy, custom, or practice.  There are no facts alleged indicating that the Fresno County

22  Jail was on actual or constructive notice that its omissions would likely result in a constitutional

23  violation.  Plaintiff's allegations that "myself and other inmates did make the jail staff aware verbally

24  of the slip and fall hazard" do not satisfy either standard.   Plaintiff has not alleged specific facts

25  indicating that any specific jail official was aware of a safety violation of constitutional  magnitude.

26  The Fresno County Jail should therefore be dismissed.

27  **III.**   **Conclusion and Order**

28        The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

4

1   which relief may be granted under section 1983.  The Court will provide Plaintiff with the

2   opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

3   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

4   change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

5   507 F.3d at 607 (no "buckshot" complaints).

6       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

7   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

8   Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be

9   [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

10  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

11      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

12  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

13  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

14  pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

15  complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

16  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

17  1474.

18      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19      1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

20      2.      The Clerk's Office shall send to Plaintiff a complaint form;

21      3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

22              amended complaint;

23      4.      Plaintiff may not add any new, unrelated claims to this action via his amended

24              complaint and any attempt to do so will result in an order striking the amended

25              complaint; and

26      5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this

27              action be dismissed, with prejudice, for failure to state a claim.

28

1    IT IS SO ORDERED.

2    Dated:    **November 8, 2010**                    _____**/s/ Gary S. Austin**_____
                                            UNITED STATES MAGISTRATE JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28